IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILLY TYLER,

                    Plaintiff,                              **4:23CV3099**

          vs.

SOCIAL SECURITY ADMINISTRATION,                    **MEMORANDUM AND ORDER**

                    Defendant.


          Before the Court is a Complaint filed by Plaintiff Billy Tyler, Filing No. 1, and a

motion for status, Filing No. 19.  Plaintiff has been given leave to proceed in forma

pauperis.  Filing No. 4.

          The motion for status is granted and the status of the case is as follows: the Court

performs an initial review of Plaintiff's claims to determine whether summary dismissal is

appropriate under 28 U.S.C. § 1915(e)(2), and, for the reasons set forth below, finds that

it is.  However, in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

### I. SUMMARY OF COMPLAINT

          Plaintiff brings this action against the Social Security Administration ("SSA")

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680.  Plaintiff's

Complaint is fairly sparce, setting forth only the following factual allegations:

> We [are] seeking $500,000,000.00 damages from SSI for their violations of
> my due process and equal protection of law.  In 2020 or so my wife retired
> and we given SSI money from my wife's retirement (at the time [Plaintiff]

was receiving SSI) and our SSI reduced to $50.00 per month and retirement of 800 dollars or so[.]

Social Security tried to take money they had given Plaintiff claiming that they had given Plaintiff too much money.

During midst of appeal Defendant SSA stopped giving me my $50.00 per month before law judge had made his decision and we denied due process and equal protection (see annexed law judge decision). During appeal of overpayment law judge discovered that our 2007 appeal was deep sixed by Omaha office of SSA and for 16 years or so we denied due process and equal protection.

We filed FTCA but government deep sixed our FTCA papers thereby denying us. The SSA (Omaha office of SSA) still has not ruled on our 2007, 2008, 2009 appeals or given us damages for violation of our rights.

Filing No. 1 at 1–3 (capitalization corrected).

Immediately following Plaintiff's Complaint is a SSA decision dated December 1,

2022, signed by Mark Hokensmith, Administrative Law Judge (the "Decision"). *Id.* at 4–

10. The Decision contained the following findings:

Based on the waiver request filed, the overpayment amount of $3,263.00 is waived and the claimant is not liable pursuant to section 1631(b)(1)(A) of the Social Security Act. The component of the Social Security Administra1ion responsible for administration of the overpayment, will advise the claimant regarding any adjustment of benefits or underpayments associated with the overpayment.

In addition, the field office is asked to review the timely filed and still-pending status of the reconsideration request submitted by the claimant on August 10, 2007 (particularly in light of the implied request to reopen the April 2007 application upon subsequent favorable filing in October 2008 with the same alleged onset date). Further review is also requested regarding the erroneous denials that an appeal was pending upon inquiries by the claimant in February 2009 and April 2009. Upon completion of this review, the field office is to advise the claimant accordingly.

*Id.* at 10.

Additionally, Plaintiff included a letter from the SSA dated February 28, 2023,

following his Complaint and the Decision (the "SSA Letter"). *Id.* at 12. The SSA Letter

advises Plaintiff that the SSA is in receipt of Plaintiff's January 31, 2023, letter regarding his "favorable" hearing decision on his Supplemental Security Income record, that officials in the Kansas City office are able to respond to his concerns, and that he should receive a response soon. *Id.* The contents of the January 31, 2023, letter are unknown to this Court.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed,

and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Here, Plaintiff sues the SSA, a federal agency.[1] Filing No. 1 at 1. While "'sovereign immunity shields the Federal Government and its agencies from suit,'" *Mader v. U.S.,* 654 F.3d 794, 797 (8th Cir. 2011) (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994)), subject to certain exceptions, Congress has waived sovereign immunity for negligence actions governed by The Federal Tort Claims Act at *Title 28 U.S.C. § 2675* (the "FTCA"). *Barnes v. U.S.,* 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). As such, although it appears Plaintiff may proceed against the SSA, unless his Complaint is amended his claims must be dismissed due to a multitude of pleading deficiencies.

As an initial matter, the nature of Plaintiff's claim or claims are unclear. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action,

---

[1] Although Plaintiff only names himself as a Plaintiff in the Complaint caption, the language in his Complaint that "we" seek monetary damages indicates that Plaintiff may also intend to bring suit on behalf of another person. Filing No. 1 at 1. As a general rule, a plaintiff must assert his legal rights or interests and not "the legal rights or interests of third parties." *Jones v. Nebraska,* No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)). "Moreover, a non-attorney pro se litigant may not represent someone else in federal court." *Id.* (citing 28 U.S.C. § 1654; *Iannacone v. Law,* 142 F.3d 553, 558 (2d Cir.1998) (concluding a non-attorney pro se aparty may not represent another's interests)). As such, to the extent Plaintiff intends to bring claims on behalf of another unnamed individual, those claims cannot proceed here.

supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

Here, Plaintiff appears to allege that in 2007, 2008 and 2009 he filed an appeal or appeals (the "Appeals") which the SSA failed to address, giving rise to his claims.  Filing No. 1 at 2–3.  The Complaint, however, contains no factual information regarding the nature of the Appeals, what was filed with whom or when, and nothing other than vague conclusory allegations of due process and equal protection violations relating, somehow, to the Appeals.

While the lack of factual allegations are enough on their own to render the Complaint subject to dismissal, the Court cannot determine if Plaintiff's claims have been exhausted, which also is required in order for this Court to exercise jurisdiction.  *McNeill v. United States,* 508 U.S. 106, 110–12 (1993) ("[T]he [FTCA] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Under the Social Security Act, exhaustion means "proceeding through all stages of the administrative appeals process such that the claimant receives a "final decision of the Commissioner of Social Security."  Title 42 U.S.C. § 405(g).  While judicial review is clearly limited to "a final decision of the [Commissioner] made after a hearing," *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by

the Appeals Council in order to preserve judicial review of those issues." *Sims v. Apfel*, 530 U.S. 103, 112 (2000).

Liberally construed, Plaintiff alleges that the SSA failed to rule on his Appeals, which could be construed as an appeal from a decision of the Commissioner. Filing No. 1 at 2. However, it is unclear if the Appeals are exhausted as in the Decision filed with the Complaint, the administrative law judge indicated further review by the SSA field office was needed of Plaintiff's August 10, 2007 "application for reconsideration," and the "erroneous denials that an appeal was pending upon inquiries by [Plaintiff]." *Id.* at 10. The SSA Letter filed with the Complaint also appears to indicate that the issue in the Appeals is being investigated by the SSA Kansas City field office and that a response is forthcoming from that field office. *Id.* at 12.

As it is impossible for this Court to determine if Plaintiffs claims are exhausted, the Complaint is clearly insufficient as plead and summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e). However, on the Court's own motion, in lieu of dismissal, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently clarifies and describes his claims against the Defendant. *Plaintiff should be mindful to clearly explain the nature of the claims at issue and facts establishing claim exhaustion which supports jurisdiction*.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against all Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

6

IT IS THEREFORE ORDERED that:

1.      Plaintiff's motion for status, Filing No. 19, is granted.

2.      Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted including jurisdictional allegations.  If Plaintiff fails to file an amended complaint, this matter will be dismissed without prejudice and without further notice.

3.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), in the event he files an amended complaint.

4.      The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 20, 2023:** Check for amended complaint.

Dated this 20th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

7